UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY JAY KAPRELIAN,

        Plaintiff,

   v.                                                                 Case No. 14-C-546

JOHN BARRETT,

        Defendant.

## ORDER REGARDING PENDING MOTIONS

Pro se plaintiff Timothy J. Kaprelian, an inmate at Dodge Correctional Institution, filed this action alleging that John Barrett, the Clerk of Court for Milwaukee County, violated his constitutional right of access to the courts by refusing or failing to file a Notice of Appeal from a Judgment entered against him. Kaprelian filed a motion for summary judgment one week after the defendants answered his complaint. The defendants now request an enlargement of time to respond to the plaintiff's motion. Also pending before the court is a motion filed by Kaprelian to disqualify the defendant's law firm based on an alleged conflict of interest and a motion for a protective order. In his motion for a protective order, Kaprelian requests that the court order the defendant to demonstrate the necessity of taking his deposition, that defendant be barred from questioning plaintiff concerning his criminal case and, further, that the defendant provide to the plaintiff questions that will be asked during the deposition.

The motion to disqualify counsel is denied. The mere fact that counsel for the defendant has previously been sued by the plaintiff does not create any conflict of interest that would necessitate disqualifying counsel from her representation of the defendant. If it later appears that counsel for the defendant may be a witness in the case, plaintiff may renew the motion at that time. However,

at this point no showing has been made that would warrant disqualifying counsel or her law firm from representation of the defendant.

The motion for enlargement of time is granted. Plaintiff's premature filing of a motion for summary judgment cannot bar the defendants from conducting discovery so that an appropriate response can be made. The court notes, however, that presumably the allegations made by the plaintiff relate to facts known by the defendant. Defendants should not need to conduct a great deal of discovery before responding to the pending motion.

Accordingly, the motion for an extension is granted and plaintiff will have 60 days from the date of this order in which to respond to plaintiff's motion. In other words, plaintiff's response is due on or before November 10, 2014.

Plaintiff's motion for a protective order is denied. The court notes that if the deponent is confined in a prison, leave of the court is required to take a deposition. Fed. R. Civ. P. 31(a)(2)(B). The record does not disclose that any such leave has been sought. Assuming leave is given, however, counsel for the defendant is not required to notify plaintiff in advance of the questions she intends to ask. Moreover, to the extent that plaintiff's criminal action is relevant to any claim or defense in this case, defendant is entitled to ask him questions about it. If the defendant has a good faith belief that the answer would be privileged, he is free to assert the privilege at the time the question is posed. In sum, the motion to disqualify counsel, ECF [21], is denied. The motion to enlarge time, ECF [24], is granted, and the motion for a protective order, ECF 25], is denied. Plaintiff's response to ECF [16] is due on or before November 10, 2014.

**SO ORDERED** this   10th   day of September, 2014.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court
